Luis Fernández Viñas et ux., Plaintiffs and Appellants, v. Loíza Sugar Co. et al., Defendants and Appellees.

No. 6357. Argued May 5, 1934.—Decided November 15, 1935.

*C. Coll Cuchí* for appellants. *Jaime Sifre* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

After a trial, the District Court of San Juan rendered judgment dismissing on the merits the complaint of the plaintiff spouses herein, and thereupon they took the present appeal.

Luis Fernández Viñas and his wife, Rosa Rosales, held under a contract of lease, since July 1, 1928, two properties: one, called "Carmen," which belonged to the Loíza Sugar Company, and another, called "Cupey," which was sublet to them by the Fajardo Sugar Growers Association; both properties having been leased for a certain number of years. On July 10, 1928, The Fajardo Sugar Company loaned to those spouses the sum of $11,000, secured by certain head of cattle. Out of this sum Fernández Viñas paid to the Loíza Sugar Company $10,975 in partial satisfaction of a larger debt which he owed to the corporation, leaving a balance of $7,098.50 in favor of the said corporation. Six days later Fernández Viñas authorized the Fajardo Sugar Company to pay said balance to the Loíza Sugar Company, and to charge it to his current crop-loan account. Upon the debt for $11,000 becoming due one year afterward, Fernández Viñas failed to pay it and the Fajardo Sugar Company brought a foreclosure proceeding for the recovery thereof. By that time Luis Fernández Viñas had already disposed of part of the cattle which he had given as security for the payment

of the $11,000. Then, in the afternoon of July 24, 1929, a deed was executed whereby the contracts of lease and sublease of both properties were rescinded, and the plaintiffs sold to the Fajardo Sugar Company all the sugar cane existing in the properties, as well as the cattle, fertilizer, and farming implements found therein, all for the price of $14,399.64, of which amount the corporation retained $11,895.02 to pay, to the Fajardo Sugar Company, the $11,000, principal of the said loan, and accrued interest thereon amounting to $858, and a further sum of $37.02 in full settlement of the crop-loan account existing between the Fernández–Rosales spouses and the Fajardo Sugar Company. The balance of the purchase price, or $2,504.62, was paid to him in cash. Said deed was read in the morning by Fernández Viñas and then he received the $2,504.62 as the balance due him. The loan of $11,000 was debited by the Fajardo Sugar Company on July 10, 1928, in its current crop-loan account with the Fernández–Rosales spouses, but three days after making this entry the latter was canceled by an offsetting entry made in this account; and on the same day, in another crop-loan account, this amount was charged to the plaintiffs. Thereafter, on July 24, 1929, the day on which the deed of rescission of lease and of sale was signed, the $11,000 of the aforesaid loan and $858 for interest thereon were charged to said current account, but on the same day the total debt of $11,895.02 was paid, which was the amount that the Fajardo Growers' Association had retained when it made the purchase from the Fernández–Rosales spouses, for the purpose of paying said amount to the Fajardo Sugar Company.

Subsequently, Luis Fernández Viñas and his wife brought the action in which this appeal originated. In the complaint they alleged that the said deed of July 24, 1929, is void because it was executed by mistake, violence, and duress, and further because it was without consideration. In conse-

quence thereof they prayed that the deed be annulled, and that the defendants be adjudged to pay to them a certain sum of money as damages.

■ The testimonial evidence introduced at the trial is conflicting, for while the plaintiffs and their witnesses testified that Fernández Viñas did not wish to sign that deed nor did his wife, and that the deed was a provisional instrument, as it had been agreed that several days afterward they would sign another final deed conveying the properties to Marcial Suárez, so that the latter would lease them to Fernández Viñas, nevertheless, the evidence of the defendants fully contradicted said testimony and tended to show that there was no objection on the part of the plaintiffs to sign said deed; that they signed it voluntarily, without protest of any sort, and without any statement to the effect that it was a provisional deed. The district court gave no credence to the testimony of the witnesses for the plaintiffs but believed the testimony of the witnesses for the defendants, thus resolving the conflict in the evidence in a fair and proper way; for after reading the whole testimony we arrived without hesitation to the conclusion that the judge was correct in the solution of such conflict. Therefore, we can not hold that the document was executed by fraud or mistake, nor by duress based on the fact that Fernández Viñas had disposed of part of the cattle which he had given as security for the debt. Moreover, the evidence of the plaintiff is contradictory in itself.

■ As regards the want of consideration in this contract, the aforesaid spouses allege that they did not owe the $11,000 of the agricultural loan and interest thereon that was retained at the time of the execution of the deed of sale, because although said loan had been charged, on July 10, 1928, to the crop loan account with the Fajardo Sugar Company, that entry was canceled three days afterward by reason of a payment made on that debt. That is, that as

he did not owe the $11,000 on the date the deed was executed, there was no consideration for that contract, for which reason it is null and void and the defendants should be compensated for the damages caused to them.

It will suffice to say that the loan having been granted on July 10, 1928, it was first debited in the agricultural-contract account that very day, and was canceled by an offsetting entry three days later, that is, on July 13, of that same year, at which time said loan was entered upon the book of advances for agricultural purposes of the Fajardo Sugar Company, and thus it may be seen that the first entry that appears in said agricultural-contract account was merely a temporary one, pending the transfer of the item to the corresponding loan book, which was effected three days later for reasons unknown to us. Possibly, the amount was debited in the current account the very day that the agricultural loan was made, so that the amount would not be unaccounted for in the books while it was entered in another account. As to the fact that the amount of the loan was debited for a second time in the current account on July 24, 1929, and also canceled on that same day by reason of the delivery made by The Fajardo Sugar Growers Association on behalf of Fernández Viñas in accordance with the stipulations of the aforesaid deed of sale, it will suffice to observe that, as appears from the evidence and is especially explained by the testimony of Eladio J. Candal, who was in charge of the accounting of The Fajardo Sugar Company, the amount of said agricultural loan together with accrued interest, amounting to $858.00 was settled in the book of advances for agricultural purposes at the time the deed was executed, and transferred to the debit side of the agricultural loan account, so that together with the small balance pending in that account at that time, it would make the total balance of $11,895.02, which amount was withheld by the purchaser, the Fajardo Sugar Growers Association in order

to pay it to the Fajardo Sugar Company. That said agricultural loan had not been paid, and therefore it was still pending, is further shown by the fact that in the said deed Fernández Viñas expressly acknowledged to be owing to the Fajardo Sugar Company the $11,000 of the loan, and the $858 for interest; items which were canceled on the same day, July 24, 1929, on the book of advances for agricultural purposes.

As regards the damages claimed, the same are nonexistent, since the deed is not void.

For the reasons stated, we perceive no grounds for reversing the judgment appealed from, which should be affirmed.